[No. 4581. Decided September 12, 1903.]

AGNES W. MARSH, *Appellant,* v. MARY E. MARSH, *Respondent.*

CONVEYANCES — CONSIDERATION—LOVE AND AFFECTION.

The transfer by a son to his mother for a nominal consideration of his interest as heir in his father's portion of the community estate would be valid as against a subsequent assignee of such interest, where mother and son both testify as to the absence of fraudulent representations in procuring the conveyance to the mother, and state facts showing that it was actually made in consideration of love and affection. .

Appeal from Superior Court, Spokane County.—Hon. GEORGE W. BELT, Judge. Affirmed.

*S. S. Bassett, Joseph Rice* and *James Hopkins,* for appellant.

*Scott & Rosslow,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Appellant, Agnes W. Marsh, brought this action against respondent, Mary E. Marsh, and asked that a deed to certain real estate and an assignment of certain mining stock should be declared void, as having been made and delivered to respondent without consideration, and by reason of her fraudulent misrepresentations. Respondent was made a defendant in her individual capacity, and also as administratrix of the estate of her deceased husband, Erasmus Marsh. Alfred C. Marsh is the son and only living child of said Erasmus and Mary E. Marsh, and, as such, inherited the interest of his deceased father in the community estate held by the father and mother at the time of the death of the former. Appellant, Agnes W. Marsh, was formerly the wife of said Alfred C. Marsh, but had been divorced prior to the bringing of this suit. Some time after the death of Erasmus Marsh, said Alfred C. Marsh, together with appellant, as his then wife, executed a deed, by which he conveyed to respondent his interest in the farm that had long been occupied by respondent and her said husband as a home. Said Alfred C. Marsh also assigned to respondent all his interest in certain mining stock, some of which he had theretofore held individually, and some of which came to him from his father's estate, as aforesaid. Subsequently, appellant procured her said divorce from Alfred C. Marsh, and some time after the divorce her said former husband assigned to her all of his interest in the estate of his deceased father. As such assignee, appellant brought this suit, and alleged that the conveyance of the real estate and mining stock to respondent, as aforesaid, was procured upon respondent's representation that such transfers were necessary to

save expenses of administration, and that no consideration passed for said transfers. It is also alleged that, before bringing suit, appellant demanded of respondent that she transfer to her the interest in said land and stock previously conveyed to respondent, as aforesaid, which demand was refused. The answer admits the transfers to respondent, but denies the averments as to fraud and as to want of consideration. It is also affirmatively averred that the assignment from Alfred C. Marsh to appellant was without consideration, and was procured by reason of a conspiracy between appellant and her counsel, and that false representations were made to said Alfred C. Marsh by appellant and her counsel, to the effect that respondent, by a will which she had executed, had practically disinherited her said son, and had left him but $10 of her estate; that said statements were false, and were made with the intent to deceive said Alfred C. Marsh, and to poison his mind against respondent; that he believed the same, and, relying upon them, was deceived thereby, and induced to make said assignment. It is further averred that at the same time appellant and her counsel agreed that if he would make said transfer to appellant, then the three— appellant, her counsel, and said Alfred C. Marsh, would divide equally the proceeds of what they might obtain by reason of bringing suit against respondent to avoid the transfers made to her, as aforesaid. The cause was tried by the court without a jury, and resulted in a judgment dismissing appellant's complaint, and that she is estopped from claiming any interest in said real estate or in said mining stock. She has appealed from the judgment.

Several assignments of error are not discussed in the brief. The discussion is directed to the findings of

facts and conclusions of law entered by the court. The testimony of Alfred C. Marsh supports that of his mother, the respondent, that the real estate was transferred to her because of his desire that she should hold and enjoy the home and farm which she had by many years' work assisted his father to procure; that such was the sole purpose of making the conveyance; and that no fraudulent representations were made to induce such transfer. The deed stated a consideration of $10, and the evidence shows that the mother handed her son $20 at the time the deed was delivered. The land was valuable, and the amount of money then paid could have been no more than a nominal consideration. We think the evidence shows, however, that the money paid was not intended as a consideration, but merely as a voluntary gift from the mother to the son, and that the real consideration intended was love and affection between mother and son. The court found that no false representations were made by respondent to induce the making of such conveyance, and that the same was made voluntarily and without any reservation whatever. We think the finding is sufficiently sustained by the evidence, and should not be disturbed.

The court also found that the mining stock was transferred to respondent for a money consideration, which was paid by her, and that the same was made fairly and openly, without any false representations to induce it. The stock transfer included some which was held by Alfred C. Marsh individually, and also his interest in what belonged to his father's estate. The evidence shows that sums aggregating several thousand dollars were paid by the mother to the son at different times. She places the full amount as high as $7,000, but whether that sum was paid or not, it at least appears with sufficient clearness

that several thousand dollars were paid, and that such payments were intended as the consideration for the transfer of the stock, including that which came from the father's estate. The finding of the court upon this subject will therefore not be disturbed.

It was also found that the alleged assignment to appellant was made, but that the same was made after the said transfers to, respondent. It was further found that the transfer to appellant was induced by false and fraudulent representations made to Alfred C. Marsh by appellant and her counsel. It seems to us unnecessary to review the evidence upon the last-named subject, since it would appear to be immaterial, it having been found that the transfers made by Alfred C. Marsh to respondent were valid and absolute. The subsequent attempt to transfer the same property to appellant carried no interest therein to appellant upon which she can base her demand in this suit. It is therefore immaterial what may have been the inducements, if any, which were offered to Alfred C. Marsh to make the attempted transfer to the appellant.

We find no reversible error, and the judgment is affirmed.

FULLERTON, C. J., and MOUNT, DUNBAR and ANDERS, JJ., concur.